SUCESIÓN RIVERA, DEMANDANTE Y APELANTE, *v.* HERNÁNDEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de expedientes posesorios y otros extremos.

No. 2256.—Resuelto en abril 26, 1921.

NUEVO JUICIO—PROCEDIMIENTOS ULTERIORES.—Habidas en consideración las circunstancias que concurren y que se exponen extensamente en la opinión, la corte resolvió que la justicia requería que el pleito fuera devuelto a la corte de su origen para procedimientos ulteriores.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Mendín Sabat.*

Abogado de los apelados: *Sr. R. Arce Rollet.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En enero de 1916 la Sucesión de Jacinto Rivera García estableció una demanda en la Corte de Distrito de Humacao contra Gregorio Hernández y Francisca Martínez, sobre nulidad de expedientes posesorios, inscripciones en el registro y venta, y entrega de inmuebles y sus frutos y productos.

Se celebró la vista del pleito en febrero de 1917 y no se

dictó sentencia hasta julio de 1919.   Se interpuso apelación en agosto siguiente, pero la transcripción no se archivó en esta Corte Suprema hasta junio de 1920.

Los demandantes alegaron, en resumen, que Gregorio Hernández, de mala fe y a sabiendas que no le pertenecían, tramitó ante el Juzgado Municipal de Hato Grande expedientes para acreditar la posesión de dos fincas rústicas, una de catorce y otra de dos cuerdas, alegando que las había adquirido por compra a Jacinto Rivera; que los expedientes se aprobaron e inscribieron en el registro; que Hernández a la fecha de los expedientes, 1899, poseía los predios como arrendatario; que Hernández en 1913 vendió las fincas a Francisca Martínez, su concubina, siendo la venta ficticia, a título gratuito, con el único objeto de perjudicar a los demandantes que son los herederos de Jacinto Rivera, muerto en 1895.   Alegaron además que el demandado Hernández fué nombrado por Jacinto Rivera en su testamento protutor de sus menores hijos.

Después de varios incidentes, los demandados contestaron alegando, en resumen, que ciertamente Hernández acreditó la posesión de las fincas reclamadas pero en un solo expediente, exponiendo que las había adquirido por título de compraventa de Jacinto Rivera desde enero de 1895, y tramitándose dicho expediente de acuerdo con la ley, siendo aprobado e inscrito.   Negaron los demandados que Hernández hubiera poseído como arrendatario y aceptaron que Hernández vendió a Francisca Martínez las fincas, negando que la venta fuera simulada, a título gratuito, sosteniendo por el contrario que la venta fué cierta y mediante una justa compensación.   Hernández negó que hubiera aceptado el cargo de protutor de los menores hijos de Jacinto Rivera.

Como materia nueva los demandados alegaron que hacía diez y ocho años que había sido tramitado e inscrito, con notificación y conformidad de la sucesión demandante, el expediente posesorio de las fincas relacionadas en la demanda

y que ahora se pretendía anular, siendo esta la primera reclamación hecha en contra de los derechos de Hernández, y que los herederos testamentarios directos de Jacinto Rivera cedieron a Hernández con anterioridad a la interposición de la demanda por documentos auténticos y sin ninguna reserva, todos los derechos y acciones que les correspondían en la herencia, sin que hayan luego readquirido tales derechos y acciones.

Practicadas las pruebas, la corte dictó sentencia declarando sin lugar la demanda, sin especial condenación de costas. La sentencia se basó en una decisión que copiada a la letra, dice así:

"Los demandantes en este caso, que constituyen la Suc. de Jacinto Rivera García, establecieron una acción sobre nulidad de expediente posesorio y otros extremos, contra Gregorio Hernández y Francisca Martínez y Martínez.

"Como fundamento esencial de la demanda, se alega en síntesis, que el demandado Gregorio Hernández Rodríguez de mala fé, tramitó ante el Juzgado Municipal de Hato Grande, hoy San Lorenzo, expedientes posesorios con relación a ciertas fincas que se describen en la demanda, a sabiendas de que dichos predios pertenecían al causante de los demandantes en este caso, o sea Jacinto Rivera García.

"Con asistencia de ambas partes se celebró la vista de este caso, y quedó en definitiva sometido a la consideración de la corte que reservó resolución.

"De la prueba resulta que las fincas en cuestión al tiempo de tramitarse los expedientes posesorios objeto de este litigio, no pertenecían a Gregorio Hernández, quien sin duda alguna actuó de mala fe toda vez que habiendo sido testigo del testamento de Jacinto Rivera García, y mencionándose en ese documento las fincas de referencia, entre los bienes dejados por el testador, tenía necesariamente que conocer dicha circunstancia cuando tramitó los expedientes posesorios mencionados. Sin embargo, con posterioridad a la muerte de Jacinto Rivera García, los demandantes vendieron al demandado sus participaciones en los bienes de referencia, los cuales son disfrutados actualmente por el demandado Gregorio Hernández y por Francisca Martínez que vive con él en público concubinato.

"El demandado en este caso al adquirir los derechos que hubieran

correspondido a los herederos, adquirió entre ellos el derecho de poseśión; y los herederos adultos están impedidos en este caso de establecer este pleito contra la persona a quien hicieron cesión de sus acciones y derechos. (Véase el caso de *Sucesión de Jacinto Rivera* v. *Gregorio Hernández et al,* resuelto por la Corte Suprema en diciembre 20 de 1918) y por lo que respecta a los herederos que al tiempo de la cesión de acciones y derechos eran menores de edad, éstos podrán en todo caso entablar una acción para que cese la comunidad que ellos conjuntamente con los demandados tienen sobre los inmuebles objeto de este pleito.

"Por las razones expuestas, procede se declare sin lugar la demanda, sin especial condena de costas. El secretario registrará una sentencia de conformidad con la presente decisión y notificará a las partes para su debido conocimiento."

El caso de *Rivera* v. *Hernández* a que se refiere la corte sentenciadora, fué uno en que los mismos que aquí demandan reclamaron de las mismas personas que son aquí demandadas otra porción de terreno de veinte y cinco cuerdas procedente de la misma herencia. La decisión de esta Corte Suprema aparece reportada en el tomo 27, página 800 de nuestras Decisiones. Apelada nuestra sentencia, fué revocada por la Corte de Circuito de Apelaciones del Primer Circuito y el pleito fué retornado a la Corte de Distrito de Humacao para ulteriores procedimientos de acuerdo con los principios establecidos en la opinión de la dicha Corte de Circuito. Aunque quizás la Corte de Circuito no encontró equivocado nuestro razonamiento, la idea predominante de su opinión parece haber sido la de déjar campo libre a todas las partes para solucionar todas las cuestiones legales envueltas.

Hemos estudiado cuidadosamente todas las cuestiones envueltas en este pleito que resulta en verdad complicado por la forma de las alegaciones, por la manera de presentar la prueba, por el abandono con que la transcripción de los autos fué preparada, por la misma opinión de la corte y por sus relaciones con el otro pleito a que acabamos de referirnos.

1. Al prepararse la transcripción se mencionaron primero

los documentos que se iban presentando como prueba y luego separadamente se transcribieron dichos documentos. Si se comparan los documentos transcritos con los presentados, se notará que faltan algunos. Cuando se introducía el documento como prueba se consignaba si se admitía o no con la objeción de la parte contraria. Lo mismo se hizo al transcribir los documentos. Comparadas esas anotaciones, muchas resultan contradictorias. Otras faltas se notan, pero las indicadas por sí solas acusan un abandono censurable por parte de los apelantes que pudiera servir de base para desestimar el recurso.

2. En cuanto a la decisión de la corte, se observa que debido tal vez al excesivo tiempo que había transcurrido desde la práctica de la prueba a la sentencia,—más de dos años,— el juez no recordó bien todas las cuestiones envueltas y los detalles de la prueba.

Al concluir que debía desestimar la demanda, se observa además que el juez estuvo influenciado por nuestra decisión en el caso de *Rivera* v. *Hernández, supra,* y que a su juicio la sentencia que dictaba permitía a los demandantes menores de edad iniciar algún nuevo procedimiento en reclamación de sus derechos.

Si se juzga por el párrafo cuarto de la decisión, el juez concluyó que tenían razón los demandantes en su alegación básica de que Gregorio Hernández no compró al causante de la sucesión, Jacinto Rivera, las diez y seis cuerdas de que se trata y en tal virtud que era falso el expediente posesorio. Pero si se investiga por qué llegó el juez a tal conclusión parece que se debió principalmente al hecho de haber sido Gregorio Hernández testigo del testamento de Jacinto Rivera. El testamento fué presentado como prueba y Hernández no figura como testigo.

La última parte del indicado párrafo cuarto de la decisión parece indicar que la conclusión final contenida en la sentencia se debió a la fuerza que dió el juez a ciertas escri-

turas de cesión de derechos y acciones presentadas en el acto del juicio por los demandados. Y si se examina la prueba se verá que tales escrituras se introdujeron con el único propósito de impugnar la veracidad de ciertos testigos y que el propio Hernández declarando como testigo reconoció que no había comprado ni a Agustín, hijo de Jacinto que murió después de su padre pero en la menor edad, ni a Alberto, hijo póstumo de Jacinto. Además, la prueba tendió a demostrar que dos de dichas escrituras fueron otorgadas por menores de edad.

Hay dos cuestiones fundamentales de hecho que debieron afrontarse y resolverse por el juez sin vacilaciones, a saber: Primera: ¿Compró o no compró Hernández directamente de Jacinto Rivera las diez y seis cuerdas de terreno en cuestión y fué puesto o no por él en posesión de ellas? Y segunda: ¿Vendió o no vendió válidamente Hernández a Francisca Martínez en 1913 las indicadas tierras? Hemos visto la forma en cierto modo incompleta como el juez resolvió la primera cuestión. Nada dijo en concreto en cuanto a la segunda, que es importante puesto que si Francisca Martínez compró en verdad de buena fe desde 1913 de quien en el registro aparecía como dueño según un expediente posesorio aprobado desde 1898 e inscrito, e inscribió también su derecho en el registro, su título quedaría en pie, aunque se decidiera que era falso el expediente posesorio.

3. Es conveniente hacer constar algo en cuanto a la personalidad de los demandantes según las alegaciones y las pruebas.

Los terrenos de que se trata pertenecieron a Jacinto Rivera. Este es un hecho admitido por ambas partes. Jacinto Rivera murió bajo testamento en 1895, dejando como herederos a los hijos de su primer matrimonio, Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia, Agustín y Regalada Rivera y Delgado. Declaró que estaba casado en segundas nupcias con Eduviges López quien se encontraba encinta al

otorgarse el testamento. Instituyó también al hijo que naciera y a los demás que pudieran nacer y en cuanto a la viuda dijo que la dejaba heredera "del usufructo en la porción de los bienes que le correspondan por ese concepto y que la ley le asigna." En el testamento declaró que todas las tierras que dejaba las había adquirido siendo viudo de su primera esposa. Sin embargo en la otra prueba hay indicaciones de que esas tierras o parte de ellas al menos eran gananciales del primer matrimonio.

Al establecer la demanda comparecieron los hijos de Jacinto, llamados Graciano, Abad, Cristina, Prudencia, y Regalada Rivera y Delgado y el póstumo Alberto Rivera López. Las hijas Josefa y Eduarda Rivera Delgado fallecieron en 1896 y 1906, respectivamente. Josefa murió soltera pero dejando dos hijos naturales Pedro y Jacinto que comparecieron como demandantes. Y Eduarda murió casada dejando cuatro hijos de los cuales tres nombrados Rafael, Andrés y Ramona Vázquez y Rivera también comparecieron como demandantes. Los comparecientes alegaron que constituían la Sucesión de Jacinto Rivera.

En la demanda no figura Agustín Rivera, hijo de Jacinto, nombrado su heredero en el testamento. Durante el juicio se pidió que se incluyera como demandante y se incluyó. Y de la prueba resulta que cuando se incluyó ya hacía años que había muerto en su minoridad (trece años).

Mientras se tramitaba el pleito murió el demandante Graciano y fué sustituído por sus menores hijos Narciso, Pedro, Francisco e Inés Rivera Dávila.

No se presentaron las declaratorias de herederos de los hijos de Josefa, Eduarda y Graciano. Y aunque esto no era absolutamente necesario, debe hacerse constar que la única prueba que se presentó de que eran tales hijos, consistió en las declaraciones hechas por las personas que dieron cuenta de la defunción de sus padres en el Registro Civil.

En cuanto a Agustín ya hemos dicho que había muerto

cuando se le incluyó como demandante. Nada se alega ni menos se prueba con respecto a quiénes sean sus herederos. Seguramente sus hermanos y sobrinos, ya que sus padres murieron, pero quizás existen abuelos.

De ninguna de estas cuestiones se hizo cargo el juez sentenciador en su decisión.

Podríamos entrar a examinar la prueba y resolver definitivamente el pleito. Quizás esto sería lo más breve y procedente. Sin embargo, como a pesar de que el otro pleito a que hemos hecho referencia versa sobre otros terrenos y no está envuelta en él la cuestión del posesorio, es lo cierto que tiene muchos puntos de contacto con éste y la apreciación que aquí pudiéramos hacer tal vez prejuzgaría la de cuestiones que es conveniente y justo que se decidan libremente en primera instancia, y como dicho otro pleito acaba de devolverse a la corte de distrito de su origen, creemos que también debe retornarse éste permitiéndose así que las cuestiones sean de nuevo planteadas aclarándose y resolviéndose con la idea de hacer justicia a ambas partes.

En tal virtud debe revocarse la sentencia apelada y devolverse el pleito a la Corte de Distrito de Humacao para ulteriores procedimientos no incompatibles con esta opinión.

*Revocada la sentencia y devuelto el caso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.